[Cite as *State v. Howard*, 2017-Ohio-692.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 27118 |
| | : | |
| v. | : | Trial Court Case No. 15-CR-937/2 |
| | : | |
| JAMES J. HOWARD | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 24th day of February, 2017.

. . . . . . . . . .

MATHIAS H. HECK, JR., by MICHAEL J. SCARPELLI, Atty. Reg. No. 0093662, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45402
        Attorney for Plaintiff-Appellee

ROBERT ALAN BRENNER, Atty. Reg. No. 0067714, 120 West Second Street, Suite 706, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, P.J.

{¶ 1} James J. Howard appeals from his conviction and sentence on one count of burglary and one count of receiving stolen property.[1]

---

[1] Howard also was found guilty of numerous related offenses that merged into those set

{¶ 2} Howard advances three assignments of error. First, he contends the trial court erred in denying his pretrial motion to dismiss on statutory speedy-trial grounds. Second, he asserts that his convictions are against the manifest weight of the evidence. Third, he challenges the legal sufficiency of the evidence to sustain his convictions.

{¶ 3} The present appeal stems from a burglary that occurred at a Miami Township residence in March 2015. Prior to the burglary, the victim, John Schmidt, had secured his house and left for the evening. At approximately 9:45 p.m., a neighbor across the street, saw two individuals who appeared to be males dressed in all black walking down the cul-de-sac toward Schmidt's house. The neighbor called her husband and told her husband what she had observed. The husband, who was picking up their daughter, responded that he was just around the corner in his car. As the husband turned onto the cul-de-sac, his wife saw the two individuals run around the side of Schmidt's house. After the husband entered his residence with his daughter, the two darkly-clad individuals came back around Schmidt's house and approached the porch. The neighbors then watched as the two individuals entered Schmidt's house by forcing open the front door. The neighbors called 911 to report the break in, and police responded minutes later.

{¶ 4} Upon approaching Schmidt's residence, officers caught one of the two perpetrators, later identified as Dale Beckham, running from the home. Beckham was wearing all dark clothing and carrying three firearms that had been taken from Schmidt's house. Seven additional firearms were found stacked outside the home's sliding rear door. After arresting Beckham, the officers began searching for the second individual. One of the officers, Matthew Armstrong, heard what sounded like footsteps in a wooded

forth above for purposes of sentencing.

area behind Schmidt's house. Armstrong shined his flashlight into the woods but could not see anyone. Thereafter, Deputy Darren Harvey arrived with his trained police dog, Bosco. The dog circled the woods and picked up a scent that led the officers to Howard. The officers found him motionless and huddled on the ground under bushes and tree limbs in a heavily-wooded area wearing all dark clothing. Howard had no camping equipment, and his own residence was more than 10 miles from Schmidt's house. Upon inspection, police discovered that Schmidt's front door was open with the deadbolt still engaged and the door frame was broken.

{¶ 5} Howard ultimately was convicted and sentenced on the charges set forth above. The trial court imposed an aggregate four-year prison sentence. This appeal followed.

{¶ 6} In his first assignment of error, Howard challenges the trial court's denial of a pretrial motion to dismiss on statutory speedy-trial grounds. His entire argument in support is as follows:

> Howard was incarcerated for more than 90 days before his trial began on August 17, 2015. Howard was first incarcerated on March 28, 2015. Eighty [countable] days had passed by June 25, 2015, the day Howard filed a motion to continue based on a medical emergency. But the Court did not reschedule the trial until July 9, 2015, and then set trial for August 17, 2015. At that point, Howard's 90-day speedy trial time had passed and the motion to dismiss he filed on August 10, 2015 should have been granted. The trial court erred by overruling his motion to dismiss on August 11, 2015, and this Court should reverse that decision, and vacate

Howard's convictions.

(Appellant's brief at 4).

{¶ 7} Pursuant to R.C. 2945.71(C)(2), a person against whom a felony charge is pending must be brought to trial within 270 days after his arrest. Each day a defendant is held in jail in lieu of bail on the pending charges must be counted as three days. R.C. 2945.71(E). Under R.C. 2945.73(B), a defendant generally is entitled to a discharge if he is not brought to trial within the time required by R.C. 2945.71. Notably, however, R.C. 2945.72(H) tolls the statutory speedy-trial time during "[t]he period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion[.]" In addition, R.C. 2945.72(E) tolls speedy-trial time during "[a]ny period of delay necessitated by reason of a * * * motion, proceeding, or action made or instituted by the accused." Finally, R.C. 2945.72(B) tolls speedy-trial time for "any period during which the accused is physically incapable of standing trial[.]"

{¶ 8} In the present case, the record reflects that a final pretrial conference had been set for June 18, 2015 and a jury trial was scheduled for June 29, 2015. Between those dates, perhaps in anticipation of a defense request for a continuance, on June 24, 2015 the trial court set the case for a scheduling conference on the next day, June 25, 2015. We do not have a transcript from the June 25, 2015 appearance but the combined Motion for Continuance, signed by defense counsel, and Entry granting a continuance from June 25, 2015 to July 9, 2015, was filed June 26, 2015. It appears the Motion for Continuance was submitted to the court on June 25, 2015. (Doc. #47).

{¶ 9} The basis for the motion for a continuance was that Howard was

hospitalized and scheduled for surgery. (*Id.*). The case was set for a July 9, 2015 status and scheduling conference. (*Id.* at Doc. #46, 47). Thereafter, the trial court set an August 17, 2015 trial date, and Howard's first trial commenced on that date.[2] (Doc. #87).

**{¶ 10}** In their respective briefs, the parties agree that only 80 or 81 countable speedy-trial days had passed when Howard submitted his June 25, 2015 motion to continue the trial date. (Appellant's brief at 4; Appellee's brief at 7). The issue on appeal is how many, if any, of the days between June 25, 2015 and August 17, 2015 counted against Howard's speedy-trial time. Upon review, we conclude that none of them did.

**{¶ 11}** In a July 10, 2015 decision, order, and entry addressing the foregoing issue, the trial court reasoned that Howard's unavailability for trial and his motion for a continuance necessitated resetting his scheduled June 29, 2015 trial date. The trial court also found the delay until August 17, 2015 to be reasonable because that was the next available trial date. (Doc. #52).

**{¶ 12}** We review a trial court's denial of a motion to dismiss on speedy-trial grounds for an abuse of discretion. *State v. Jackson*, 2d Dist. Montgomery No. 24430, 2012-Ohio-2335, ¶ 26. We see no abuse of discretion here. Howard was physically unable to attend his scheduled trial date. His hospitalization and accompanying motion for a continuance necessitated delaying his trial until August 17, 2015, which the trial court explained was the next available date. Under these circumstances, speedy-trial time properly was tolled between June 25, 2015 and August 17, 2015. Accordingly, the first assignment of error is overruled.

---

[2] Parenthetically, we note that the first trial ended in a mistrial due to a deadlocked jury. (Doc. #87). Howard was retried and convicted in April 2016.

{¶ 13} In his second and third assignments of error, Howard challenges the legal sufficiency and manifest weight of the evidence to support his convictions. He makes the same argument in support of both assignments of error. He notes that the eyewitness neighbors across the street could not identify the two individuals who entered Schmidt's home. He also stresses the absence of "DNA or evidence tying [him] to the inside of the house." (Appellant's brief at 4, 6). Finally, Howard asserts that "[t]here was no evidence presented that [he] entered the home or was involved in the burglary of the home." (*Id.* at 5-6).

{¶ 14} When a defendant challenges the sufficiency of the evidence, he is arguing that the State presented inadequate evidence on an element of the offense to sustain the verdict as a matter of law. *State v. Hawn*, 138 Ohio App.3d 449, 471, 741 N.E.2d 594 (2d Dist.2000). "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

{¶ 15} Our analysis is different when reviewing a manifest-weight argument. When a conviction is challenged on appeal as being against the weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider witness credibility, and determine whether, in resolving conflicts in

the evidence, the trier of fact "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997). A judgment should be reversed as being against the manifest weight of the evidence "only in the exceptional case in which the evidence weighs heavily against the conviction." *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

{¶ 16} With the foregoing standards in mind, we conclude that Howard's convictions are supported by legally sufficient evidence and are not against the weight of the evidence. His argument challenges his identification as one of the perpetrators of the burglary. Although the record lacks direct eyewitness identification or DNA evidence, we disagree with his claim that the State presented no evidence of him entering Schmidt's home and participating in the burglary. To the contrary, the State presented strong circumstantial evidence from which the jury reasonably could have inferred that Howard was one of the two individuals seen breaking into Schmidt's home to steal firearms.

{¶ 17} As set forth above, members of the neighboring family reported seeing two individuals dressed in black forcibly enter Schmidt's house. One of the individuals, Dale Beckham, was captured fleeing the house with firearms. Officer Armstrong then heard footsteps in the wooded area behind Schmidt's home. Officers followed a trained police dog that circled the woods and picked up a scent that led them to Howard, who was dressed in all dark clothing. He was motionless and appeared to be hiding in a heavily wooded area near midnight more than 10 miles away from his own home. Without question, this circumstantial evidence is legally sufficient to support Howard's convictions, which also are not against the weight of the evidence. Accordingly, the second and third

assignments of error are overruled.

{¶ 18} The judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

DONOVAN, J., and FROELICH, J., concur.

Copies mailed to:

Mathias H. Heck
Michael J. Scarpelli
Robert Alan Brenner
Hon. Richard Skelton